UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VANESSA ELIZABETH SANCHEZ ALAS (A-087-588-270),

Petitioner,

v.

WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al,

Respondents.

No. 1:26-cv-06260-TLN-CSK

ORDER & FINDINGS & RECOMMENDATIONS

Petitioner Vanessa Elizabeth Sanchez Alas (A-087-588-270), a native and citizen of El Salvador who is proceeding without counsel, has filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner entered the United States on June 14, 2009 without inspection, and was detained by U.S. Border Patrol. On June 21, 2009, petitioner was issued a Notice and Order of Expedited Removal, form I-860, and ordered removed from the United States. On June 21, 2009, petitioner was released on an Order of Supervision as she was pregnant when initially encountered. On February 25, 2026, petitioner was re-detained by U.S. Immigration and Customs Enforcement ("ICE"). On March 16, 2026, petitioner was given a

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

hearing regarding her credible fear determination where an immigration judge affirmed the Department of Homeland Security's ("DHS") finding of negative credible fear. On July 21, 2026, the Ninth Circuit dismissed petitioner's Petition for Review of her expedited removal proceeding.

This habeas action concerns petitioner's re-detention. For the reasons that follow, the Court recommends granting the petition for writ of habeas corpus and ordering petitioner's immediate release.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of El Salvador. (ECF No. 7 at 10.) On June 14, 2009, petitioner entered the United States without inspection and was detained by U.S. Border Patrol. (Id. at 12.) On June 21, 2009, petitioner was issued a Notice and Order of Expedited Removal pursuant to Immigration and Nationality Act ("INA") Section 235(b)(1) charging petitioner with violating INA Section 235(b)(7)(A)(i)(I) as an immigrant not in possession of a valid unexpired immigration visa, reentry permit, border crossing card or other valid entry document, who entered the United States illegally. (Id. at 12, 14.) On June 21, 2009, petitioner was released on an Order of Supervision as she was pregnant when initially encountered. (Id. at 12.) Petitioner remained on release for over 16.5 years.

On February 3, 2026, petitioner filed an Application to Register Permanent Residence, Form I-485, and a Petition for Amerasian, Widower or Special Immigrant, Form I-360 with United States Citizenship and Immigration Services ("USCIS"), Form I-360. (Id.) The status of these applications are not clear in the record. On February 25, 2026, petitioner was re-detained by ICE when she reported to the Las Vegas USCIS office to provide biometrics for her pending applications. (Id. at 11.) At the time of her re-detention, petitioner did not claim fear of persecution or torture if removed to El Salvador. (Id. at 12.) On February 25, 2026, ICE issued a Notice of Revocation of Release pursuant to 8 C.F.R. § 241.13 stating that petitioner's release was revoked because, "You were last released from ICE custody on June 23, 2009, on an order of

supervision."[2] (Id. at 16.) On March 16, 2026, petitioner was given a hearing regarding her credible fear determination where the immigration judge affirmed the DHS finding of negative credible fear. (Id. at 19-20.) On July 21, 2026, the Ninth Circuit Court of Appeals dismissed petitioner's petition for review of the order for expedited removal, including the determination that petitioner did not show a credible fear of persecution or torture, for lack of jurisdiction. (Id. at 22.)

## II. PROCEDURAL BACKGROUND

On August 6, 2026, petitioner filed her petition for writ of habeas corpus and a motion for appointment of counsel. (ECF Nos. 1, 3.) On August 7, 2026, the district judge referred the matter to the assigned magistrate judge for all further proceedings. (ECF No. 4.) On August 18, 2026, respondents timely filed an answer to the petition. (ECF No. 7.) On August 26, 2026, this Court ordered respondents to file a status report addressing petitioner's status because orders served on petitioner were recently returned unserved. (ECF No. 8.) On August 28, 2026, respondents filed a status report stating that respondents' records confirm that petitioner is detained at the California City detention facility. (ECF No. 9.) This Court's order setting the briefing schedule was returned unserved on petitioner, and it is unclear why given respondents' status report. (See Docket.) This Court proceeds to consider the merits of the petition for writ of habeas corpus based on the petition and respondents' answer.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law.

[2] The I-213 Form states that petitioner was released on the Order of Supervision on June 21, 2009. (ECF No. 7 at 12.) The Notice of Revocation of Release states that petitioner was released on the Order of Supervision on June 23, 2009. (Id. at 16.) This Court need not resolve the discrepancy between these dates as it does not affect the Court's analysis.

28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges her continued detention based on the violation of the following: (1) the Fifth Amendment Due Process Clause; (2) third country removal violates the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, implementing regulations and the Administrative Procedures Act; and (3) third country removal violates the Fifth and Eighth Amendments. (ECF No. 1 at 20-23.) In the response to the petition, respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(IV). (ECF No. 7 at 2-4.) Respondents argue that petitioner's due process and third country removal claims are without merit. (Id. at 5-7.)

### A. Claim One: Due Process

#### 1. Statutory Basis for Petitioner's Detention

Petitioner argues that her continued detention violates the Fifth Amendment Due Process Clause because there is no significant likelihood that she will be removed in the reasonably foreseeable future. (ECF No. 1 at 20-21.) Before discussing this claim, this Court addresses the statutory basis for petitioner's detention. In the answer, respondents argue that petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1)(B)(IV). (ECF No. 7 at 2-4.) Respondents also argue that the court's habeas review of 8 U.S.C. § 1225(b)(1) orders is limited by 8 U.S.C. §1252(e)(2). (Id. at 4.)

8 U.S.C. § 1225(b)(1)(A) applies to a non-citizen who is arriving and seeking admission to the United States and who indicates an intention to apply for asylum or a fear of persecution. Such an individual "shall be detained pending a final determination of credible fear of persecution and, if found not to have such a fear, until removed." 8 U.S.C. § 1225(b)(1)(B)(IV). For the

following reasons, this Court finds that petitioner is not detained pursuant to Section 1225(b)(1)(B)(IV). Where a noncitizen subject to a final order of removal has been released, revocation of that removal is governed by 8 U.S.C. § 241.13(i). See Zheng v. Albarran, 2025 WL 3640676, at *2 (E.D. Cal. Dec. 16, 2025) (citing Hoac v. Becerra, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). Specifically, a noncitizen's release may be revoked "if, on account of changed circumstances," it is determined that "there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2).[3]

For the following reasons, this Court finds that petitioner's order of removal was final on June 21, 2009. The record reflects that petitioner was served with the Notice of Expedited Removal on June 21, 2009 at which time she did not claim a fear of returning to El Salvador. (ECF No. 7 at 12.) The record suggests that petitioner claimed a fear of returning to El Salvador after her re-detention on February 25, 2026. (Id. at 12.) Accordingly, petitioner's order of expedited removal became final on the day it was entered on June 21, 2009. See 8 U.S.C. § 1225(b)(1)(A)(i) (immigration officer shall order removal without further hearing or review unless that person indicates intent to apply for asylum or fear of persecution). Petitioner apparently sought asylum following her re-detention, which prevented the government from removing her to El Salvador during the pendency of her asylum application. See 8 C.F.R. § 235.3(b)(4) (in such cases, examining immigration officer "shall not proceed further with removal...until the [noncitizen] has been referred for an interview by an asylum officer"). However, nothing in the law or regulations operated to revoke the June 21, 2009 order of expedited removal or otherwise render it nonfinal. See Mendoza-Linares v. Garland, 51 F.4th 1146, 1152 (9th Cir. 2022), cert. denied, --- U.S. ----, 144 S. Ct. 1392 (2024) ("Because a removal order had already been issued prior to the initiation of the credible-fear review process, the effect

[3] In the pro se petition, petitioner states that she is not pursuing a claim that her continued detention violates 8 C.F.R. § 241.13 because she has been detained by ICE continuously since the day she was ordered removed. (ECF No. 1 at 24.) As discussed above, petitioner has not been detained by ICE continuously since the day she was ordered removed and the Notice of Revocation and Release specifically cites 8 C.F.R. 241.13 (ECF No. 7 at 16.) Petitioner's misunderstanding of the basis for her detention does not prevent this Court from identifying the correct basis for her detention, which the court is required to do.

of the asylum officer's actions was to uphold and adopt that expedited removal order."). Here, the immigration judge's order affirming DHS's negative credible fear determination returned petitioner's case to DHS for expedited removal. It did not reflect the point at which petitioner's removal order became final.

As another district court noted in a similar context, "[t]his case is not about ICE's authority to detain in the first place upon an issuance of a final order of removal as in Zadvydas." Nguyen v. Hyde, 788 F. Supp. 3d 144, 149 (D. Mass. 2025); see also Yan-Ling X. v. Lyons, 2025 WL 3123793, at *3 (E.D. Cal. Nov. 7, 2025). "[T]his is not your typical first round detainment of an alien awaiting removal. Petitioner was previously detained, then released on supervised release for several years, and his 90-day removal period expired." Escalante v. Noem, 2025 WL 2206113, at *3 (E.D. Tex. Aug. 2, 2025).

The regulations at 8 C.F.R. § 241.13(i) apply to non-citizens in petitioner's situation. In Escalante, the court noted that:

> Section 241.13(i)(2)[,] [which is] entitled "Revocation for removal[,]" provides that "the Service may revoke an alien's [supervised] release under this section and return the alien to custody if, on account of changed circumstances, *the Service determines* that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2) (emphasis added). Section 241.4(b)(4)[,] which is entitled "*Service determination under* 8 C.F.R. 241.13[,]" states that, after supervised release under section 241.13, "*if the Service subsequently determines*, because of a change of circumstances, that there is a significant likelihood that the alien may be removed in the reasonably foreseeable future [to the country to which the alien was ordered removed or] a third county, the alien shall again be subject to the custody review procedures under this section." 8 C.F.R. § 241.4(b)(4) (emphasis added).

Escalante, 2025 WL 2206113, at *3 (emphasis in original).

Those regulations indicate that when ICE revokes release to effectuate removal, "it is [ICE's] burden to show a significant likelihood that the alien may be removed." Escalante, 2025 WL 2206113, at *3; see also Roble v. Bondi, 2025 WL 2443453, at *4 (D. Minn. Aug. 25, 2025) ("[T]he regulations at issue in this case place the burden on ICE to first establish changed circumstances that make removal significantly likely in the reasonably foreseeable future."); Abuelhawa v. Noem, 2025 WL 2937692, at *8 (S.D. Tex. Oct. 16, 2025) ("[U]pon revocation of

release, the Government bears the burden to show a significant likelihood that the alien may be removed in the reasonably foreseeable future.").

The Notice of Revocation and Release issued to petitioner recognizes petitioner's detention pursuant to 8 C.F.R. § 241.13. (ECF No. 7 at 16.) The Notice of Revocation states that petitioner's Order of Supervision was revoked due to changed circumstances, described as, "You were last released from ICE custody on June 23, 2009, on an order of supervision." (Id.) When revoking petitioner's release pursuant to § 241.13(i)(2) based on changed circumstances, the petitioner "must be told *what* circumstances had changed or *why* there was now a significant likelihood of removal in order to meaningfully respond to the reasons and submit evidence in opposition, as allowed under § 241.13(i)(3)." Sarail v. Bondi, 803 F. Supp. 3d 775, 787 (D. Minn. Sept. 3, 2025). In this case, the Notice of Revocation does not describe the changed circumstances demonstrating that petitioner may be removed in the reasonably foreseeable future. In the answer, respondents argue that "there is no evidence suggesting that Petitioner's detention pending the completion of removal proceedings is 'indefinite' and 'potentially permanent,'" but cite no evidence in support of this assertion. (See ECF No. 7 at 5.)

For these reasons, this Court finds that ICE violated its own regulations when revoking petitioner's Order of Supervision by failing to show a significant likelihood of petitioner's removal. See Rombot v. Souza, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) (quoting Haoud v. Ashcroft, 350 F.3d 201, 205 (1st Cir. 2003) ("ICE, like any agency, 'has the duty to follow its own regulation.'"); see Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons, 954 F.3d 118, 130 (2d Cir. 2020) ("Under deeply rooted principles of administrative law, not to mention common sense, government agencies are generally required to follow their own regulations."); Sarail, 803 F. Supp. 3d at 787. Courts have held that "where an immigration 'regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute ... and [ICE] fails to adhere to it, the challenged [action] is invalid.'" Rombot, 296 F. Supp. 3d at 388 (quoting Waldron v. I.N.S., 17 F.3d 511, 518 (2d Cir. 1993)); see also Truong v. Noem, 2025 WL 2988357, at *6 (S.D. Cal. Oct. 6, 2025) ("Courts have found that when ICE fails to follow its own regulations in revoking release, the detention is unlawful, and the petitioner's release must

be ordered.") (collecting cases).

2. Due Process

This Court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). When the government grants a noncitizen parole or supervised release, it creates a protected liberty interest subject to due process clause protection. See Sanchez v. LaRose, 2025 WL 2770629, at *3 (S.D. Cal. Sept. 26, 2025). These protections include at least notice and an opportunity to be heard regarding the revocation. Id.; Mathews v. Eldridge, 424 U.S. 319, 348 (1976) ("The essence of due process is the requirement that 'a person in jeopardy of a serious loss [be given] notice of the case against him and the opportunity to meet it."). In Saengphet v. Noem, the district court ruled that notices revoking protected liberty interests are constitutionally inadequate when they lack individualized explanations of the changed circumstances giving rise to revocation. See 815 F. Supp. 3d 1142, 1150 (S.D. Cal. Nov. 20, 2025). Constitutionally inadequate notice also often leads to constitutionally inadequate opportunity to be heard, because opportunity to be heard must be meaningful to be constitutionally sufficient. See Sanchez, 2025 WL 2770629, at *3; Ying Fong v. Ashcroft, 317 F. Supp. 2d 398, 403 (S.D.N.Y. 2004) ("The opportunity to be heard must be meaningful, that is, an opportunity granted at a meaningful time and in a meaningful manner.") (internal citation omitted). A detainee's opportunity to be heard is not meaningful if the detainee has not been informed of the circumstances of his revoked release in a manner sufficient to allow her response. See Sarail A. v. Bondi, 803 F. Supp. 3d 775, 787 (D. Minn. Sept. 3, 2025).

While this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, the government's interest in re-detaining petitioner without adequate notice and an opportunity to meaningfully challenge the revocation of her release is low. See Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. March 3, 2025). "That the Government may believe it has a valid reason

to detain petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process." E.A. T.-B. v. Wamsley, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025). Respondents identify no reason why adequate notice was not provided to petitioner as required by their own regulations. See 8 C.F.R. § 241.13(i)(3).

For the reasons above, this Court recommends that the petition be granted as to claim one alleging violation of the Fifth Amendment Due Process Clause based on the government's failure to demonstrate changed circumstances establishing a significant likelihood of petitioner's removal to El Salvador in the reasonably foreseeable future, and because the government failed to comply with its own regulations regarding the revocation of petitioner's release set forth at 8 C.F.R. § 241.13(i).

3. Applicability of 8 U.S.C. § 1252(e) and (g)

Respondents argue that this Court's review of 8 U.S.C. § 1225(b)(1) orders is limited by 8 U.S.C. § 1252(e)(2). (ECF No. 7 at 4.) Because this Court is not reviewing petitioner's order of expedited removal pursuant to 8 U.S.C. §1225(b)(1), this Court need not consider application of 8 U.S.C. § 1252(e)(2) to petitioner's due process claim. Respondent further argues that 8 U.S.C. § 1252(g) precludes a court from enjoining removal pursuant to 8 U.S.C. § 1252(g). (ECF No. 7 at 4.) By finding that respondents failed to follow their own regulations when re-detaining petitioner in violation of petitioner's right to due process, this Court is not enjoining petitioner's removal. The government may revoke petitioner's supervision and remove petitioner, but it must do so lawfully, following the requirements of the Constitution and its own regulations. It has failed to do so here.

**B. Claims Two and Three: Third Country Removal Claims**

In claim two, petitioner argues that third country removal policies violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, Implementing Regulations and the Administrative Procedures Act. (ECF No. 1 at 21-22.) In claim three, petitioner argues that punitive third country banishment violates the Fifth and Eighth Amendments. (Id. at 22-23)

For the following reasons, this Court finds that petitioner lacks standing to raise her claims challenging third country removal policies and procedures. To establish Article III standing, a

party must allege an injury that is "concrete and particularized," "actual or imminent," and likely to be "redressed by a favorable" judicial decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). The petition appears to be a form petition and the record before the Court does not indicate that third country removal is currently at issue. (See ECF Nos. 1, 7.) Because nothing before the Court shows any basis for petitioner's third country removal claims, this Court finds that petitioner lacks standing to raise her third country removal claims at this time, and those claims should be denied.

**C. Remedy**

Based on the recommendation that the petition be granted as to claim one, this Court recommends that petitioner be immediately released to return her to the status quo before the pending controversy. See Yang v. Kaiser, 2025 WL 2791778, at *11 (E.D. Cal. Aug. 20, 2025) (status quo ante litem is "the last uncontested status which preceded the pending controversy"). Because petitioner challenges her current re-detention, the last uncontested status of petitioner was her release under the June 21 or 23, 2009 Order of Supervision before her re-detention on February 25, 2026.

## V. MOTION FOR APPOINTMENT OF COUNSEL

Petitioner filed a motion for appointment of counsel. (ECF No. 2.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. Because the Court recommends the petition be granted and petitioner be released, the Court does not find the interests of justice require appointment of counsel at the present time. Petitioner's motion to appoint counsel is therefore denied without prejudice.

## VI. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 2) is denied without prejudice; and

/ / /

/ / /

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claim one (due process) and DENIED as to the remaining claims.
2. Petitioner Vanessa Elizabeth Sanchez Alas (A-087-588-270) be immediately released from ICE custody under the same conditions she was previously released in her June 21 or 23, 2009 Order of Supervision. Because mail to this pro se petitioner has been returned, at the time of release, respondents be ordered to provide petitioner with a copy of these findings and recommendations, and the district judge's order on these findings and recommendations. If respondents have custody of petitioner's documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release. Respondents be enjoined and restrained from re-detaining petitioner absent compliance with constitutional protections, which include, at a minimum, compliance with the requirements of 8 C.F.R. § 241.13(i) for revocation of release, and any other applicable statutory and regulatory procedures.
3. Because petitioner is proceeding pro se, respondents be further directed to file a status report within seven (7) days from the date of her release.
4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that

/ / /

/ / /

/ / /

failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 1, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Alas6260.157.imm.RELEASE(4)/2